# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of | No.  49439-6-II |
| DESIREE PEACOCK f/k/a PECK, | |
| Petitioner, | |
| and | |
| | UNPUBLISHED OPINION |
| THEODORE PECK, | |
| Respondent. | |

JOHANSON, J. — Desiree Peacock, formerly known as Desiree Peck, and Theodore Peck's agreed parenting plan for their two minor children designated Peacock as the primary residential parent.  When Peacock filed a "Child Relocation Act" (CRA)[1] petition, Peck filed a modification petition seeking primary residential placement.  After obtaining a temporary relocation order, Peacock moved with the children.  However, after trial the court denied Peacock's petition for relocation.  The trial court then provided Peacock an opportunity to move back.  But when she did not do so within the time allotted, the trial court granted Peck's modification petition for primary residential placement.

---

[1] RCW 26.09.405-.560.

Regarding the trial court's order denying relocation, Peacock argues that (1) the trial court improperly relied on the guardian ad litem's (GAL) report, (2) the trial court abused its discretion when it failed to apply the presumption in favor of relocation, and (3) the trial court's findings of fact are not supported by substantial evidence and the findings fail to support its conclusions. Regarding Peck's modification petition, Peacock argues that the trial court's findings of fact related to "detriment" are unsupported, and thus the parenting plan modification was improper. We affirm.

FACTS

I. BACKGROUND

Peacock and Peck divorced in 2013. Their agreed parenting plan designated Peacock as the primary residential parent for their two minor children. Peck had residential time with the children on Wednesday evenings and every other weekend. Peacock and her current husband lived in Yelm, and Peck lived approximately 7.6 miles away in Roy. In April 2015, Peacock and her husband sold their home and purchased a new home in the Centralia area.

Peacock filed a notice of relocation and a motion to modify the parenting plan. Peck filed a modification petition, seeking primary residential placement. A court commissioner entered a temporary order allowing Peacock to move with the children to Centralia, approximately 30 miles away from Peck.

II. GUARDIAN AD LITEM

A GAL was initially appointed to investigate an allegation by Peacock that Peck was abusive towards the children. After reviewing Child Protective Services' (CPS) records and interviewing the children and the parents, the GAL found Peacock's abuse claims were

2

unsubstantiated and not credible. She also found that Peacock's claim that she could not get into contact with CPS despite numerous efforts over several months was not credible.

The GAL also investigated whether "relocation of the children [is] more detrimental or less detrimental than changing the primary residential parent." Clerk's Papers (CP) at 4. She analyzed the relevant relocation and modification factors and recommended that the trial court designate Peck as the primary residential parent. She recommended that the children return to the Yelm area and that Peck should have primary residential placement.

### III. TRIAL

From June 14 through 16, 2016, the trial court considered the relocation petition and the motion and petition to modify the parenting plan. The trial court entered exhibits, including the GAL's report. In addition, the trial court heard testimony from 13 witnesses, including the parents, the GAL, several relatives, the children's therapist, and Peacock's real estate agent.

### IV. ORAL RULING

On June 29, 2016, the trial court orally denied Peacock's relocation petition. The trial court incorporated this oral ruling by reference in its written order. The trial court found that the GAL "did a thorough, helpful, and complete investigation, including an in-depth analysis of all the relocation factors." Verbatim Report of Proceedings (VRP) (June 29, 2016) at 344. The trial court considered all 11 statutory relocation factors. The trial court's discussion of these factors included concerns regarding Peacock's failure to encourage a positive relationship between Peck and the children, Peacock's frequent moves requiring Peck to move to maintain a relationship with the children, Peacock's failure to consider her children's well-being in moving to Centralia, the

move's negative impact on Peck's residential time, and Peacock's lack of flexibility in coordinating residential time with Peck.

The trial court declined to rule on the modification petition at the same time as the relocation petition because the trial court provided Peacock an opportunity to move back to Yelm.

V. POSTTRIAL HEARINGS

On July 7, Peacock told the trial court that she intended to move closer to Peck so that she could remain the primary residential placement for the children. However, she said that she may not be able to move for another 90 days. The trial court stated that if the children were not moved back to the Yelm School District by the time school started, the court would grant Peck's modification. The court scheduled a follow-up hearing for August 18.

At the August 18 hearing, Peacock's counsel informed the trial court that Peacock had not yet moved back to the Yelm School District with the children. However, counsel stated that Peacock had submitted two applications for rental houses in the Yelm area and would be enrolling the children in the Yelm School District once the district offices reopened after summer break.

The trial court ruled that the girls needed to be enrolled in the Yelm School District before the upcoming school year began, which was beginning in a couple of weeks, and that Peacock had failed to move the children back to Yelm in compliance with the trial court's order. The trial court stated that allowing Peacock to retain primary residential placement would "defeat[] the entire relocation process." VRP (Aug. 18, 2016) at 12. The trial court granted Peck's modification petition.

4

## VI. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL ORDER

On August 18, the trial court entered combined "Findings of Fact and Conclusions of Law Re: Relocation and Modifications to the Parenting Plan." In addition, the trial court entered a "Final Order and Findings on Petition to Change a Parenting Plan, Residential Schedule or Custody Order" (Final Modification Order). The relevant portions of each document are stated below.

### A. FINDINGS OF FACT

The trial court's written findings of fact state, in relevant part,

7. In her report, the [GAL] addressed the factors of the modification statute that encompass the statutory factors for relocation. The issue of whether or not the relocation of the children is more or less detrimental than changing primary residential placement is the factor that overlaps relocation and modification.

8. In her report, the [GAL] indicated that she believed that the relocation had already happened and that the relocation was not the specific focus of the investigation. Rather, the [GAL] considered the factors that cross over between relocation and modification in her recommendation.

9. The [GAL's] recommendation included change of primary residential placement to Mr. Peck and to be [sic] in [the] children's best interests.

10. The [GAL] found that relocation by [Peacock] is more detrimental to the girls than a change of primary residential placement to [Peck].

11. Since the parties separated in 2009, Mr. Peck has been involved with the girls regularly even though Ms. Peacock has moved a number of times. In order to remain involved with and have significant contact with the girls, Mr. Peck has moved closer to Ms. Peacock each time she moved, except for the current relocation at issue. Each parent [has] a strong, loving, and caring relationship with each child.

. . . .

19. The court considered the age, developmental state, needs of the children, and the likely impact the relocation or its prevention will have on the children's physical, emotional, and educational development taking into consideration any special needs of the children. . . . The [GAL] observed that [one of the children] had a perceived lisp and some medical issues that needed to be addressed. The [GAL] indicated both girls have shortness of breath, fail to enjoy exercise, have a poor self-image, and have overeating issues. The [GAL's] recommendations were not completed by [Peacock]: the neuro-educational evaluation, the speech pathology evaluation, and the medical diagnosis regarding [a hip issue of one of the children].

20. The court considered the quality of life, resources, and opportunities available to the children and Ms. Peacock in the current and the proposed

geographic location. There is no dispute that the quality of life and the resources available are not any different between Yelm and Centralia.

. . . .

23. Ms. Peacock's relocation has drastically altered Mr. Peck's participation in the girls' after-school activities and nearly unilaterally eliminated Mr. Peck's mid-week visitation time; especially when coupled with Ms. Peacock's refusal to drive the girls home after the Wednesday basketball practice in Yelm. The court agrees with Mr. Peck that his attendance at the basketball practice is not residential time, even though Mr. Peck gets to spend time with the girls.

CP at 181-84.

## B. CONCLUSIONS OF LAW

Under the heading "Conclusions of Law as to Relocation," the trial court stated,

1. Ms. Peacock's request for relocation is denied. Ms. Peacock moved to Centralia at her peril under a temporary order without the benefit of all the factors being considered by the trial court.
2. Mr. Peck has satisfied and met the burden to overcome the presumption when all factors are considered.

CP at 185.

Under the heading "Conclusions of Law as to Modification of the Parenting Plan," the trial court stated,

1. Ms. Peacock's request for modification was not supported by the trial testimony.
. . . .
3. Mr. Peck bears the burden on his modification to demonstrate the detrimental effect of the relocation of the children outweighs the benefit of the change to the children and Ms. Peacock and met the burden.
. . . .
5. RCW 26.09.260(2)(c) allows the court to consider whether the children's present environment is detrimental to the children's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of the change for the children.
. . . .
9. The trial court's ruling on Mr. Peck's request for modification is granted.

CP at 185-87.

6

## C. FINAL ORDER

In its final modification order, under a heading labeled "4. **Major change** (*RCW 26.09.260(1) and (2))*" (CP at 160), the trial court checked a box indicating that

> [t]he court approves a major change to the parenting/custody order. The major change is approved because:
> - the requested change is in the children's best interest, and
>   . . . [t]he children's current living situation is harmful to their physical, mental, or emotional health. It would be better for the children to change the parenting/custody order.

CP at 161.

In addition, under a heading entitled "11. **Decision**," the trial court checked boxes indicating that it approved Peck's parenting plan modification. CP at 162.

## ANALYSIS

### I. DENIAL OF PEACOCK'S RELOCATION PETITION

Peacock argues that the trial court erred in denying her relocation petition. We disagree.

### A. PRINCIPLES OF LAW

We review the trial court's decision to grant or deny a petition for relocation for an abuse of discretion. *In re Marriage of Horner*, 151 Wn.2d 884, 893, 93 P.3d 124 (2004). Under RCW 26.09.520, the trial court must determine by a preponderance of the evidence that "the detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person, based upon" 11 relocation factors. RCW 26.09.520; *In re Marriage of Rostrom*, 184 Wn. App. 744, 752, 339 P.3d 185 (2014).

No single factor carries more weight than another and there is no specific number of factors that must be found to support denial of relocation. *Horner*, 151 Wn.2d at 894. When we consider whether a trial court abused its discretion in deciding a relocation request, we first determine

whether the trial court entered specific findings on each factor. *Horner*, 151 Wn.2d at 896. If the trial court did not enter these findings, we examine the record to determine whether substantial evidence was presented on each factor and whether the "trial court's findings of fact and oral articulations reflect that it considered each factor." *Horner*, 151 Wn.2d at 896. If the trial court does not satisfy either of these methods of documenting its consideration of the child relocation factors, the trial court has abused its discretion. *Horner*, 151 Wn.2d at 896.

### B. GAL EVIDENCE

Peacock argues that the trial court improperly relied on the GAL's report in finding that the statutory relocation factors support denial of Peacock's relocation. Peacock argues that the trial court abused its discretion when it denied her relocation because it relied "heavily" on the GAL's report and testimony, which Peacock argues "did not even try to assess or investigate factors [in] relation to relocation." Br. of Appellant at 12-13. We disagree.

Peacock's argument relies on the incorrect assumption that the GAL's report did not address all relevant statutory relocation factors. The stated purpose of the GAL's report was to investigate whether the "relocation of the children [is] more detrimental or less detrimental than changing the primary residential parent." CP at 4. To investigate Peacock's relocation, the GAL analyzed all 11 factors under RCW 26.09.520. Thus, Peacock's argument fails because she mischaracterizes the nature of the GAL's report and fails to recognize that it analyzed all relevant statutory factors.

In addition, Peacock's argument fails because her argument is properly characterized as a challenge to the trial court's credibility determination and the weight that it placed on the GAL's report. Peacock argues that the GAL's report is inadequate because the GAL "invested only 15

hours in the case" and did not visit Peacock's home where the girls lived. Br. of Appellant at 12. However, the trial court stated in its oral ruling that the GAL "did a thorough, helpful, and complete investigation, including an in-depth analysis of all the relocation factors." VRP (June 29, 2016) at 344. And we do not review the trial court's determination that the GAL's report was credible or second guess the weight of the GAL's report. *In re Marriage of Fahey*, 164 Wn. App. 42, 62, 262 P.3d 128 (2011). As such, Peacock's challenge to the trial court's reliance on the GAL's report fails.

### C. PRESUMPTION WAS CONSIDERED AND OVERCOME

Peacock argues that the trial court did not properly apply the statutory presumption in favor of relocation. We hold that the trial court properly applied the presumption.

RCW 26.09.520 provides the criteria for determining a relocation issue and imposes a rebuttable presumption that relocation will be permitted. *Horner*, 151 Wn.2d at 895. The objecting party may rebut the presumption in favor of relocation by proving by a preponderance of the evidence that "the detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person, based upon the [11 child relocation] factors." RCW 26.09.520; *Rostrom*, 184 Wn. App. at 752.

Contrary to Peacock's claim, the trial court applied the presumption in favor of Peacock's relocation. In its oral ruling, the trial court stated, "[T]he Court must determine whether or not [Peck] satisfied his burden to rebut [Peacock's] move or the presumption that allowed her to relocate." VRP (June 29, 2016) at 344. Then, after considering all 11 relocation factors, the trial court said, "[Peck] has overcome the presumption, in considering all of the factors. [Peacock] moved at her peril under a temporary order without the benefit of all of the factors being considered

by the trial court." VRP (June 29, 2016) at 353. And conclusion of law 2 states, "Mr. Peck has satisfied and met the burden to overcome the presumption when all factors are considered." CP at 185. Based on this record, we hold that the trial court properly applied the relocation presumption.

### D. SUBSTANTIAL EVIDENCE

Peacock asserts only in a *heading* that "[t]he trial court's findings of fact and conclusions of law regarding [r]elocation are not supported by the evidence." Br. of Appellant at 12 (bold omitted). Peacock did assign error to findings of fact 11, 19, 20, and 23 and conclusions of law 1 and 2. However, Peacock makes no argument addressing these assignments of error. Peck argues that the trial court addressed all relocation factors and that the trial court did not abuse its discretion in denying the relocation. We reject Peacock's argument.

1.    RULES OF LAW

We uphold trial court findings if they are supported by substantial evidence. *Fahey*, 164 Wn. App. at 55. "'Substantial evidence' exists if the record contains evidence of a sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *Fahey*, 164 Wn. App. at 55. "We review conclusions of law to determine whether factual findings that are supported by substantial evidence in turn support the conclusions." *Fahey*, 164 Wn. App at 55-56.

2.    INADEQUATE BRIEFING

Although Peacock assigns error to several findings of fact, Peacock does not discuss any specific assignment of error or finding of fact in her analysis. An assignment of error that is not argued in the brief is deemed to have been abandoned. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In addition, Peacock provides less than two pages of

arguments related to relocation, and she provides analysis regarding only the issues addressed above related to the inadequacy of the GAL's report and the trial court's failure to apply the presumption in favor of Peacock. We do not review issues that are not adequately developed in the briefs. *State v. Corbett*, 158 Wn. App. 576, 597, 242 P.3d 52 (2010). As such, we decline to reach the merits of the inadequately briefed substantial evidence issue.[2] *Corbett*, 158 Wn. App. at 597.

3.     CONCLUSIONS OF LAW

Peacock also assigns error to relocation conclusions of law 1 and 2, which state that the trial court considered all relocation factors and concluded that Peck met his burden such that the relocation was denied. Peacock argues that because the trial court found only "one of the eleven factors . . . weighed in favor of [Peck]," Peck did not carry his burden, and the trial court abused its discretion in denying the relocation. Br. of Appellant at 13.

The written findings of fact do not address each relocation factor, so we must examine the record to determine whether substantial evidence was presented on the relocation factors and whether the trial court's findings of fact and oral ruling reflect that it considered each relevant relocation factor. *Horner*, 151 Wn.2d at 896. Here, the GAL's report explicitly addressed each relocation factor. In addition, the trial court heard testimony from 13 witnesses over three days of

---

[2] Even if we reached the merits, we would hold that substantial evidence supports the trial court's challenged findings of fact 11, 19, 20, and 23.

   Each of these findings is supported by the GAL's testimony and interview summaries and analysis in the GAL's report. As discussed, the trial court found the GAL's report to be credible. All of the findings are also supported by other witnesses' testimony. This evidence is sufficient to persuade a fair-minded, rational person that the trial court's findings are true and thus are supported by substantial evidence. *Fahey*, 164 Wn. App. at 55.

trial, including both parents, the GAL, several relatives, the children's therapist, and even Peacock's real estate agent. Following the trial, the trial court's oral ruling spanned 10 transcript pages and addressed each relocation factor and facts connected to each factor. As such, substantial evidence was presented and the oral articulations reflect that the trial court considered each factor. *Horner*, 151 Wn.2d at 896.

Contrary to Peacock's claim that only one of 11 factors weighed against relocation, it appears that at least factors 1, 3, 5, and 6 supported the trial court's denial of Peacock's relocation.

Because the trial court reviewed evidence regarding all relocation factors, explicitly discussed evidence regarding each factor in its oral ruling, and indicated that at least four factors weighed against the children's relocation, the trial court's denial of Peacock's relocation was not an abuse of discretion. *Horner*, 151 Wn.2d at 896.

### E. CONCLUSION

The trial court properly relied on the GAL's report, applied the presumption in favor of relocation, and made conclusions of law supported by the findings and oral ruling. As such, Peacock has failed to show that the trial court erred when it denied her relocation.

### II. GRANT OF PECK'S MODIFICATION PETITION

Peacock argues that the trial court improperly granted Peck's modification because its findings of fact related to "detriment" to the children under RCW 26.09.260(2)(c) are not supported by substantial evidence. Br. of Appellant at 11. She argues that because the trial court stated that it would allow Peacock to retain primary residential placement if she returned to Yelm with the children, the trial court's findings regarding detriment were not supported. We disagree that the trial court improperly granted the modification.

A. PRINCIPLES OF LAW

We review a trial court's decision to modify a parenting plan for abuse of discretion. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). We will not reverse a trial court's decision to modify a parenting plan unless the trial court exercised its discretion in an untenable or manifestly unreasonable manner. *McDole*, 122 Wn.2d at 610. "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; [and] it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002).

RCW 26.09.260 sets forth the procedures and criteria to modify a parenting plan. RCW 26.09.260 provides in relevant part,

> (*1*) *Except as otherwise provided in subsection[] . . . (6) . . .* of this section, the court shall not modify a prior custody decree or a parenting plan unless it finds . . . that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child. . . .
> (2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
> . . . .
> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child. . . .
> . . . .
> (6) The court *may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child*. The person objecting to the relocation of the child or the relocating person's proposed revised residential schedule may file a petition to modify the parenting plan, including a change of the residence in which the child resides the majority of the time, without a showing of adequate cause other than the proposed relocation itself. A hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued. *In making a*

13

*determination of a modification pursuant to relocation of the child, the court shall first determine whether to permit or restrain the relocation of the child using the procedures and standards provided in RCW 26.09.405 through 26.09.560. Following that determination, the court shall determine what modification pursuant to relocation should be made, if any, to the parenting plan or custody order or visitation order.*

(Emphasis added.)

The trial court is not required to consider the factors contained in RCW 26.09.260(2) when a trial court modifies a parenting plan in the context of a relocation proceeding and instead RCW 26.09.260(6) applies. *In re Marriage of Raskob*, 183 Wn. App. 503, 513-14, 334 P.3d 30 (2014).

B. DETRIMENT NOT REQUIRED

Peacock's argument relies on the assumption that the trial court could not modify the parenting plan unless it properly found that placement with Peacock was detrimental to the children. She specifically cites to RCW 26.09.260(2)(c), which states that a parenting plan may not be modified unless "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."[3]  But Peacock does not cite to the controlling subsection nor to the controlling case law. As such, Peacock's argument fails.

---

[3] Peacock challenges the trial court's finding of detriment under the modification statute, RCW 26.09.260(2)(c), and *not* under the relocation statute, RCW 26.09.520, related to her appeal of the parenting plan modification.

1.      RCW 26.09.260(6) CONTROLS

As noted above, RCW 26.09.260(1) and (6) expressly provide that a person objecting to relocation may petition for a change of primary residence without a showing of adequate cause. And in *Raskob*, Division One of this court specifically held that when a major parenting plan modification to residential time is made pursuant to a relocation, the provisions in RCW 26.09.260(2) do not apply. 183 Wn. App. at 513-14.

In *Raskob*, the parents had a parenting plan which included specific notice provisions, and the mother moved with the children in violation of the parenting plan. 183 Wn. App. at 508-09. Although the father initially sought to restrain the mother's relocation, he ultimately accepted her move as a "'fait accompli'" because he did not want to force his children to move again. *Raskob*, 183 Wn. App. at 508. But he still pursued the parenting plan modification based on the mother's improper relocation, which the court granted. *Raskob*, 183 Wn. App. at 509.

On appeal, the mother argued that the trial court abused its discretion when it found a substantial change in circumstances and failed to consider the factors provided in RCW 26.09.260(2) before it modified the parenting plan. *Raskob*, 183 Wn. App. at 513-14. Division One rejected the mother's arguments, holding that where a major modification is made in a proceeding to permit or restrain relocation, the trial court is not required to find a substantial change of circumstances or consider the factors contained in RCW 26.09.260(2). *Raskob*, 183 Wn. App. at 513-14. Instead, RCW 26.09.260(6), which provides that courts "'may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to *permit* or *restrain* a relocation of the child,'" governs. *Raskob*, 183 Wn. App. at 514 (emphasis added) (quoting RCW 26.09.260(6)).

Here, Peacock relocated with the children under a temporary relocation order, but without a final relocation order, and Peck filed his modification petition in conjunction with his objection to Peacock's relocation. Therefore, like the mother who had no authority to relocate in *Raskob*, Peacock relocated without permanent authority to do so, and the modification was granted "'pursuant to a proceeding to permit or restrain a relocation of the child.'" *Raskob*, 183 Wn. App. at 514 (quoting RCW 26.09.260(6)). As such, RCW 26.09.260(6) is the applicable provision.

Under RCW 26.09.260(6), the trial court was not required to consider the factors of RCW 26.09.260(2), including the factor that requires the trial court to find detriment to the children before modification under RCW 26.09.260(2)(c). *See Raskob*, 183 Wn. App. at 513-14. Thus, Peacock's challenge to the trial court's findings regarding detriment fails because the trial court was not *required* to find detriment under RCW 26.09.260(2)(c) before modifying the parenting plan in this case.

2.     PEACOCK RELOCATED

In oral argument, Peacock asserted that RCW 26.09.260(6) governs only as long as a relocation is being "pursued" and that because she told the court she would move back to Yelm, she was no longer pursuing relocation. Wash. Court of Appeals oral argument, *Peck v. Peck*, No. 49439-6-II (Nov. 28, 2017), at 8 min., 0 sec. through 10 min., 40 sec. (on file with court). She relies on the language in RCW 26.09.260(6) that states, "A hearing to determine adequate cause for modification shall not be required *so long as the request for relocation of the child is being pursued*." Peacock claims that because she was no longer pursuing relocation, RCW 26.09.260(6) did not apply and the provisions of RCW 26.09.260(2)(c) required the trial court to make a finding of detriment before ordering the modification. We disagree.

16

To support this argument, Peacock relies on *In re Marriage of Grigsby*, 112 Wn. App. 1, 57 P.3d 1166 (2002). Wash. Court of Appeals oral argument, *supra*, at 5 min., 19 sec. through 10 min., 40 sec. In *Grigsby*, Division One held that when a parent decides not to relocate after a relocation denial, the parent is no longer pursuing relocation, and a trial court must find adequate cause before it may modify the parenting plan. 112 Wn. App. at 16-17.

Peacock's case is distinguishable from *Grigsby* and more analogous to *Raskob*. Unlike the mother in *Grigsby*, Peacock had in fact *already relocated* pursuant to a temporary order. And Peacock did not move back, in violation of the trial court's relocation denial, by the time the modification was ordered. Thus, although Peacock said she was no longer pursuing relocation, her actions belied her words. Like the mother in *Raskob*, whose relocation in violation of the parenting plan allowed modifications to residential aspects of the parenting plan under RCW 26.09.260(6), Peacock's unauthorized relocation also allowed residential modifications. RCW 26.09.260(6).

The dissent asserts that when a trial court denies the relocation petition, the relocation no longer provides adequate cause for modifications under RCW 26.09.260(6) and courts must find adequate cause under the provisions of RCW 26.09.260(1) and (2) to modify the parenting plan following relocation denials. But this reasoning fails here because although the trial court denied the relocation, Peacock had already relocated. And after the trial court gave Peacock a reasonable time to abandon the relocation, Peacock did not do so.[4]

---

[4] The dissent also argues that, rather than ordering a modification under RCW 26.09.260(6), the trial court should have held Peacock in contempt if it believed that Peacock was improperly delaying the move back to Yelm. But no party raised contempt as a potential remedy below or in briefing here. We decline to raise a new issue sua sponte.

The dissent rejects the claim that Peacock was still pursuing relocation, saying that "relocation no longer is being pursued once the trial court denies a relocation petition." Dissent at 22. But this reasoning fails because RCW 26.09.260(6) does not state that it applies until only a relocation is denied. Instead, RCW 26.09.260(6) authorizes "adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child." And a "hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued." RCW 26.09.260(6). Based on this language, we disagree that the trial court's denial of the relocation petition unequivocally meant that Peacock was no longer pursuing relocation. Such a narrow reading of RCW 26.09.260(6) elevates form over substance. Here, Peacock in fact had relocated and she did not abandon the relocation in the time the trial court allotted. Even acknowledging that Peacock told the court she was no longer pursuing relocation, Peacock continued to "pursue relocation" under these circumstances.

Although the trial court's written modification order cites to RCW 26.09.260(2), we may affirm on any basis supported by the record. *Raskob*, 183 Wn. App. at 514-15. The trial court recognized in its oral ruling that it would contravene the CRA's purpose to allow Peacock to relocate with the children when the statutory considerations under the CRA showed that the move should not be allowed. The trial court recognized that Peacock had in fact relocated; in other

words, Peacock was still pursuing relocation. Thus, we hold that RCW 26.09.260(2)(c) did not apply and that modification was proper under RCW 26.09.260(6).[5]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

I concur:

SUTTON, J.

---

[5] Peacock also argues that the relocation did not constitute a "substantial change in circumstances" such that there was no "adequate cause" for the trial court to hear Peck's major modification. Reply Br. of Appellant at 2-3. This argument fails because under RCW 26.09.260(6), the person objecting to the relocation of the child may file a petition to modify the parenting plan without a showing of adequate cause other than the proposed relocation itself. Because Peck filed his modification petition in conjunction with his objection to Peacock's relocation, he did not need to show adequate cause "other than the proposed relocation itself." RCW 26.09.260(6).

MAXA, A.C.J. (dissenting in part) – I agree with the majority that the trial court did not abuse its discretion in denying Desiree Peacock's relocation petition. However, I believe that the trial court erred in granting Theodore Peck's modification petition and ruling that Peck should be the parent with whom the children would reside a majority of the time.

A.      INAPPLICABILITY OF RCW 26.09.260(6)

The majority rules that RCW 26.09.260(6) allowed the trial court to modify the residential provisions of the parties' parenting plan without complying with the requirements of RCW 26.09.260(1) and (2) because Peacock petitioned for relocation, even though the petition was denied. This ruling reflects a misunderstanding of RCW 26.09.260(6).

In the typical case, RCW 26.09.260(1) provides that a trial court cannot modify a parenting plan without finding "that a substantial change has occurred in the circumstances of the child or the nonmoving party" and that the modification is necessary to serve the best interests of the child. Further, under RCW 26.09.260(2) the court must retain the residential schedule established by the parenting plan unless one of four factors is present. One factor is that "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2)(c).

However, RCW 26.09.260(1) expressly states that these provisions apply "[e]xcept as otherwise provided in subsection[ ] . . . (6)." Subsection (6) provides different rules for when one person files a petition to relocate the child:

> The court may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child. The person objecting to the relocation of the child or the relocating person's proposed revised residential schedule may file a petition to modify the parenting plan, including a change of the residence in which the child resides the majority of the time, without

20

a showing of adequate cause other than the proposed relocation itself. A hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued. In making a determination of a modification pursuant to relocation of the child, the court shall first determine whether to permit or restrain the relocation of the child using the procedures and standards provided in RCW 26.09.405 through 26.09.560. Following that determination, the court shall determine what modification pursuant to relocation should be made, if any, to the parenting plan or custody order or visitation order.

RCW 26.09.260(6)

The plain language of RCW 26.09.260(6) states that a person objecting to relocation may *file a petition* to change a child's primary residence "without a showing of adequate cause other than the proposed relocation itself." And the law is clear that when the trial court allows relocation, the court can modify the residential schedule without finding a substantial change in circumstances as required in RCW 26.09.260(1) or one of the factors contained in RCW 26.09.260(2). *In re Marriage of Raskob*, 183 Wn. App. 503, 513, 334 P.3d 30 (2014). The obvious rationale is that a relocation itself is a sufficient basis for changing the residence in which the child resides the majority of the time.

But the issue here is whether a court can modify the residential schedule without complying with RCW 26.09.260(1) and (2) when the court *denies* the relocation petition. The majority rules that even when relocation is not allowed, the trial court is free to modify the residential schedule without finding a change of circumstances or the existence of one of the RCW 26.09.260(2) factors. I believe that this ruling is inconsistent with the statutory language, applicable case law, and common sense.

First, RCW 26.09.260(6) states that after the trial court determines whether to permit or restrain the relocation, the court must determine "what modification *pursuant to relocation* should be made." (Emphasis added.) Although the language could more clear, this provision indicates that the residential schedule can be modified only if relocation is allowed.

Second, RCW 26.09.260(6) states that a showing of adequate cause is not necessary only "so long as the request for relocation of the child is being pursued." Case law interpreting this language establishes that RCW 26.09.260(6) is inapplicable if a parent no longer is pursuing relocation.

> [T]he normal requirement of a showing of adequate cause is excused only so long as relocation is being *pursued*. Where, as here, the parent is no longer pursuing relocation, the parent proposing modification of the parenting plan must show a substantial change in circumstances, considering the factors set forth in RCW 26.09.260(2).

*In re Marriage of Grigsby*, 112 Wn. App. 1, 16, 57 P.3d 1166 (2002). By definition, relocation no longer is being pursued once the trial court denies a relocation petition.

Third, allowing the trial court to modify the residential schedule without a showing of adequate cause when relocation is requested but not allowed would make no sense. As noted above, the rationale of RCW 26.09.260(6) is that the relocation itself provides adequate cause for modifying the residential schedule. That rationale disappears if the relocation is not allowed.

Here, the trial court denied Peacock's relocation petition. And Peacock informed the court that she no longer was pursuing relocation and would be moving back to the Yelm area. I would hold that because the trial court denied Peacock's relocation petition, the court could not modify the parties' residential schedule without making the findings required in RCW 26.09.260(1) and (2).

B.     ADEQUATE CAUSE TO MODIFY RESIDENTIAL SCHEDULE

The trial court apparently recognized that it could not modify the residential schedule without finding an adequate cause. In modifying the parenting plan, the trial court made specific findings that there had been a substantial change in the children's situation as required in RCW 26.09.260(1) and that the children's current living situation was harmful to their physical,

mental, or emotional health as required in RCW 26.09.260(2)(c). The majority should have addressed whether these findings were supported by substantial evidence.

If Peacock and the children had planned to remain in Centralia, such a change in residence clearly would constitute a substantial change in circumstances under RCW 26.09.260(1). And I would have deferred to the trial court's determination that changing the residence in which the children resided a majority of the time to the father's residence would be in the best interests of the children. Similarly, if Peacock and the children had planned to remain in Centralia, I would have deferred to the trial court's determination that such a change in residence would be detrimental to the children and that a change in the parenting plan would be better for the children.

However, Peacock made it clear that she and the children would not be remaining in Centralia. She informed the court that she planned to move back to the Yelm area with the children and planned to enroll the children in the Yelm School District. And the trial court expressly recognized that if Peacock and the children moved back to Yelm, it likely would not modify the residential schedule. Given Peacock's stated intention to return to Yelm, the trial court's findings were not supported by substantial evidence.

The trial court obviously was frustrated that Peacock had been unable to find a new residence in the Yelm area within six weeks after the court's denial of the relocation petition. But the record shows that Peacock was actively seeking a residence in the Yelm area. If the court believed that Peacock was improperly delaying the move, the appropriate remedy would have been to find Peacock in contempt of court under RCW 26.09.160(2) or to develop some other coercive remedy. The court should not have "punished" Peacock by modifying the parties'

23

residential schedule based on findings that no longer would be valid once Peacock moved back to Yelm.

I would hold that the trial court abused its discretion in modifying the parties' residential schedule simply because Peacock was unable to find a new residence within a period of six weeks. Accordingly, I would reverse the trial court's modification of the parenting plan and remand for further proceedings.

_____
MAXA, A.C.J.